UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON J. ORR,

Plaintiff,

v.

THE CITY OF RENO, et. al.,

Defendants.

Case No. 3:16-cv-00122-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff filed an application to proceed in forma pauperis along with his original complaint on March 3, 2016. (Electronic Case Filing (ECF) Nos. 1, 1-1.) On March 14, 2016, the undersigned entered an order which granted Plaintiff's application and screened Plaintiff's complaint, allowing certain claims to proceed and granting Plaintiff leave to amend with respect to others. (ECF No. 3.) On April 1, 2016, Plaintiff filed his Amended Complaint (ECF No. 5), which the court now screens pursuant to 28 U.S.C. § 1915A.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the court is required to "review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. In such a review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

///

**II. DISCUSSION**

Preliminarily, the court notes that the Amended Complaint names the City of Reno, Officer Brian Atkinson, Officer Chris Caprioli, Sergeant Andy Carter, and Officer J. Schaur in the caption, but like the original complaint, also contains allegations against Officer Kevin Vogt and Officer Edward Wilson. (ECF No. 5 at 1, 2.) It appears that pages 2 and 3 of the complaint, which identified these defendants, are missing from the Amended Complaint. The court will construe the pro se Amended Complaint as including Vogt and Wilson as defendants even though they are not listed in the caption.

**A. Count I**

The Amended Complaint contains two pages that contain the first page of allegations pertaining to Count I. (*See* ECF No. 5 at 2, 3.) It appears that the first page is a copy of the first page of Count I from the original complaint. (*Compare* ECF No. 4 at 5 and ECF No. 5 at 2.) The next page of the Amended Complaint contains nearly identical allegations as were set forth on the first page of Count I in the original complaint. (*Compare* ECF No. 4 at 5 with ECF No. 5 at 2, 3.) The next page of Count I in the Amended Complaint is identical to the second page of Count I in the original complaint, save for the last two sentences regarding the City of Reno. (*Compare* ECF No. 4 at 6 with ECF No. 5 at 4.) Therefore, the only difference between the original complaint and Amended Complaint insofar as Count I is concerned is the addition of the following language: "The City of Reno is responsible for not training their employees properly. The City of Reno is responsible for training their officers to racially profile individuals 'coconspired.'" (ECF No. 5 at 4.)

To reiterate, Plaintiff asserts a violation of his rights under the Fourth Amendment and the Equal Protection Clause in Count I. (ECF No. 5 at 3-4.) He alleges that on December 10, 2015, Reno police officers detained and arrested him at his girlfriend's residence on a purported warrant from Las Vegas. (*Id*. at 3.) He states that Vogt, Caprioli, and Schaur conducted surveillance of his girlfriend's residence for five hours while he walked in between units in an apartment complex. (*Id*.) He contends that the officers did not actually have a verified warrant from Las Vegas. (*Id*.)

He alleges that Officers Vogt and Caprioli previously harassed him, and had alleged four times through intimidation, lies and racial profiling that Plaintiff is a gang member. (*Id*.) He goes on to aver that on this occasion the officers called SWAT, and tried to tell Plaintiff that there was a warrant for attempted burglary in place. (*Id*.) He asserts that the officers tried to base probable cause from a three year old that "Daddy had a gun," but Plaintiff contends a toddler is not a reliable source of information. (*Id*.) He claims that Vogt exceeded his authority on both this information and a warrant that he did not in fact have. (*Id*.)

He asserts that the officers did not have personal knowledge of any crimes. (*Id*.) He contends that Vogt lied to obtain a warrant that was not legal. (*Id*.) Plaintiff states that he eventually came out of the residence when the officers told him they had a warrant signed by a judge, but Vogt was not present with a warrant, and the officers handcuffed Plaintiff and entered the residence. (*Id*. at 4.) Plaintiff alleges that Officer Atkinson coerced Plaintiff's girlfriend into coming out when she had done nothing wrong. (*Id*.)

Plaintiff then states that the officers conspired to put forth a fictitious warrant and evidence of what a three year old said to a CPS worker, but did not see any crimes being committed. (*Id*.) Plaintiff alleges that he was immediately cleared when he was being booked into the Washoe County Jail and it was discovered there was no warrant in place from Las Vegas. (*Id*.) He asserts that the new warrant is based on deceptive and arbitrary police conduct. (*Id*.)

**1. Fourth Amendment**

The court previously found that Plaintiff states a colorable claim for unlawful detention and arrest under the Fourth Amendment against Officers Vogt, Caprioli, Schaur and Atkinson in Count I. (ECF No. 3 at 5.) As such, this claim should proceed in the Amended Complaint as well.

**2. Equal Protection Clause**

When the undersigned screening the original complaint, the standard for stating a claim under the Equal Protection Clause was set forth, and the court determined the factual scenario presented by Plaintiff did not implicate the Equal Protection Clause. (ECF No. 3 at 6.) Plaintiff

was given leave to amend to cure the deficiencies associated with the Equal Protection Clause claim; however, the amended complaint contains no additional factual allegations that would give rise to such a claim. The Amended Complaint, like the original complaint, merely alleges that Officers Vogt and Caprioli previously harassed him, and had asserted four prior times through "intimidation, lies and racial profiling" that Plaintiff is a gang member. There are no factual allegations that the officers acted with an intent or purpose to discriminate against Plaintiff on this occasion based on his membership in a protected class. As Plaintiff has already been given an opportunity to amend this claim and was unsuccessful, the court recommends that it be dismissed with prejudice.

Insofar as additional allegations are included as to the City of Reno, those allegations will be addressed below along with similar allegations set forth in Count III.

**B. Count II**

Count II of the Amended Complaint is identical to Count II of the original complaint. (*Compare* ECF No. 4 at 7 with ECF No. 5 at 5.)

In Count II, Plaintiff claims violations of his rights under the Due Process Clause and Equal Protection Clause. (*Id*. at 5.) He alleges that upon his arrest, Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson deprived Plaintiff of his personal property without due process, including jewelry, clothing, shoes, toiletries, children's clothes, household electronics, tools, a coin collection, cosmetics and household furniture. (*Id*.) He avers that the officers stole the items out of the apartment, and that Sergeant Carter directed the officers to take what they wanted. (*Id*.) In addition, they loaded a laptop and MacBook Pro, television, Bluetooth speakers, a BluRay player, DVDs, a Playstation 4, and games into the back of a squad car and a Chevy Tahoe. (*Id*.) The only thing that was booked into evidence was his cell phone. (*Id*.)

**1. Due Process Clause**

When the undersigned screened the original complaint, it was determined that Plaintiff states a colorable claim under the Due Process Clause in connection with his allegations that his personal property was taken without sufficient process. (*See* ECF No. 3 at 7.) Therefore, this

claim should proceed in the Amended Complaint as well against Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson.

**2. Fourth Amendment**

While Plaintiff does not specifically reference the Fourth Amendment in Count II, the court previously found that the allegations nonetheless state a colorable Fourth Amendment claim for unlawful search and seizure against Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson. Therefore, this claim should proceed in the Amended Complaint as well.

**3. Equal Protection Clause**

In screening Count II of the original complaint, the court found Plaintiff did not state an equal protection claim but gave him leave to amend. (ECF No. 3 at 8.) Plaintiff has included no additional allegations to state an equal protection claim in Count II of the Amended Complaint; therefore, it is recommended that this claim be dismissed with prejudice.

**C. Count III**

Count III of the Amended Complaint is identical to Count III of the original complaint, except that Plaintiff adds the following allegations pertaining to the City of Reno: "The City of Reno is responsible in not training their employees properly. The City of Reno is responsible for training there [sic] officers to racially profile individuals 'coconspired.'" (*Compare* ECF No. 4 at 8 with ECF No. 5 at 6-7.)

In Count III, Plaintiff alleges that Officers Wilson and Schaur placed hyperbolic needles throughout the apartment in an effort to make it look like a drug house. (ECF No. 5 at 6.) He goes on to state that Officers Caprioli and Atkinson manipulated shot gun shells in a bag, and brought them inside the residence, and placed evidence of weapons. (*Id*.) They tore up the rooms, kicked holes in the doors that were not locked and emptied trash onto the floor. (*Id*.) He avers that Sergeant Carter broke racks off in the bathroom, stole $100 and turned on the upstairs bathtub and allowed it to flood the residence. (*Id*.) Finally, he claims that Officer Schaur dumped the cat litter box around the apartment. (*Id*.)

///

///

**1. Fourth Amendment and Due Process Clause**

In screening the original complaint, the undersigned found Plaintiff stated colorable claims under the Fourth Amendment and Due Process Clause related to the allegations that Carter took $100 from the residence. (ECF No. 3 at 9.) In addition, the undersigned determined Plaintiff states a colorable claim under the Fourth Amendment against Wilson, Schaur, Caprioli, Atkinson and Carter related to the allegations that they inflicted damage to the residence during the search. (*Id*.) Finally, the undersigned stated that Plaintiff set forth a colorable due process claim related to the alleged falsification of evidence in the residence against Wilson, Schaur, Caprioli, Atkinson and Carter. (*Id*.) These claims should be allowed to proceed in the Amended Complaint.

**2. Equal Protection Clause**

As with Counts I and II, the undersigned determined Plaintiff did not state a claim for violation of the Equal Protection Clause in Count III, but gave Plaintiff leave to amend in this regard. (ECF No. 3 at 9.) Plaintiff included no additional substantive allegations in Count III; therefore, the court recommends that this claim be dismissed with prejudice.

**D. The City of Reno**

Plaintiff named the City of Reno in the original complaint, and was advised that in order to maintain a claim against the City, he had to allege a municipal policy or custom that caused the Plaintiff's injury. (ECF No. 3 at 9.)

As indicated above, the only allegations included with respect to the City are two sentences at the end of Counts I and III that the City is responsible for not training its officers properly, and for training its officers not to racially profile individuals. (ECF No. 5 at 4, 7.) These are conclusory statements unsupported by factual allegations. Under *Iqbal* and *Twombly*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557); *see also Sandoval v. Las Vegas Metropolitan Police Dept.*, 756 F.3d 1154, 1168 (9th Cir.

2014), *cert. denied*, 135 S.Ct. 1401 (Feb. 23, 2015) (finding bare bones allegations of municipal liability to be insufficient).

Where a complaint alleges a failure to train, it must plead facts showing that the City's conduct amounted to deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Commis. of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 131 S.Ct. at 1360 (citations omitted). To demonstrate the City is deliberately indifferent, Plaintiff must show the policymakers were on "actual or constructive notice that a particular omission in their training program causes employees to violate citizens' constitutional rights." *Connick*, 131 S.Ct. at 1360.

Plaintiff does not provide any factual allegations as to how the City failed to train its officers or how this failure to train resulted in his injuries. Nor does Plaintiff include any other allegations that would rise to the level of deliberate indifference that is required to maintain an action against the City. As such, the court recommends that the claims against the City be dismissed. While it is possible Plaintiff may yet cure the deficiencies as to the City, the court does not see a need to delay service of the action at this point, particularly when Plaintiff has already been given leave to amend to state claims against the City. As a result, it is recommended that the claims against the City be dismissed without prejudice such that Plaintiff may file a motion for leave to amend within the deadlines of the scheduling order (once it is issued), or within the parameters of Federal Rule of Civil Procedure 15, if he believes he can allege sufficient facts to state claims against the City.

///

///

///

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) Allowing the following claims to proceed:

(a) The Fourth Amendment unlawful detention and arrest claim against Vogt, Caprioli, Schaur, and Atkinson in Count I;

(b) The due process claim against Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson in Count II;

(c) The Fourth Amendment claim for unlawful search and seizure against Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson in Count II;

(d) The Fourth Amendment and due process claims against Carter in Count III related to the allegation that Carter took $100 from the residence;

(e) The Fourth Amendment claim against Wilson, Schaur, Caprioli, Atkinson and Carter in Count III related to the allegations that they inflicted damage to the residence during the search;

(f) The due process claim against Wilson, Schaur, Caprioli, Atkinson and Carter in Count III related to the alleged falsification of evidence in the residence.

(2) **DISMISSING** the equal protection claims in Counts I-III **WITH PREJUDICE**;

(3) **DISMISSING** the City of Reno **WITHOUT PREJUDICE**, and permitting Plaintiff to file a motion for leave to amend within the deadlines of the scheduling order (once it is issued) or within the parameters of Federal Rule of Civil Procedure 15 if he believes he can allege sufficient facts to state claims against the City;

(4) Directing the Clerk to **SEND** Plaintiff sufficient copies of the Amended Complaint and service of process forms (USM-285) for each defendant. Plaintiff should be given twenty days in which to furnish the U.S. Marshal with the required form USM-285 for each defendant. The U.S. Marshal will then proceed with service on the defendants. Within twenty days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on

any unserved defendant, then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Plaintiff is reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days of the date of any order adopting and accepting this Report and Recommendation.

(5) Advising Plaintiff that from now on, he shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the court a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. The court may disregard any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk t, and any paper received by a District Judge, Magistrate Judge or Clerk which fails to include a certificate of service.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 21, 2016.

William G. Cobb

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE