1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANDON J. ORR,

                          Plaintiff,

        v.

THE CITY OF RENO, et.al.,

                          Defendants.

Case No. 3:16-cv-00122-MMD-WGC

ORDER

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    SUMMARY

        Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 6) ("R&R") relating to Plaintiff's Amended Complaint (ECF No. 5). The Court has reviewed Plaintiff's Objection ("Objection") (ECF No. 7) and Plaintiff's Motion for Appointment of Counsel ("Motion") (ECF No. 8.) The Court accepts and adopts the R&R in its entirety and refers the Motion to the Magistrate Judge for determination.

II.   BACKGROUND

        Plaintiff, an inmate at Washoe County Detention Center ("WCDC"), is proceeding *pro se* in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* and the Court permitted him to proceed on claims under the Fourth Amendment's unlawful search and seizure clause and the Fourteenth Amendment's due process clause. (ECF No. 3 at 10.) The Court gave Plaintiff leave to amend his complaint to amend his equal protection claims as well as his claims against the City of Reno ("the City"). (*Id.*) Plaintiff filed his First Amended Complaint ("FAC") on

April 1, 2016. (ECF No. 5.) After review of the FAC, the Magistrate Judge found that Plaintiff had failed to adequately amend his complaint to state facts alleging colorable equal protection claims or colorable claims against the City of Reno. The Magistrate Judge recommends dismissing Plaintiff's equal protection claims with prejudice for Plaintiff's failure to cure the deficiencies identified in the Order granting him leave to amend. The Magistrate Judge further recommends dismissing the claims against the City without prejudice to give Plaintiff the opportunity to seek leave to amend at a later time. In response, the Plaintiff filed an Objection (ECF No. 7), asking that he be appointed counsel as he is "illiterate" and does not understand legal terminology (*id.* at 1). Plaintiff filed a Motion (ECF No. 8) in support of his Objection requesting that the Court appoint counsel for him (*id.* at 4). The Court accepts and adopts the R&R in its entirety and refers the Motion to Magistrate Judge Cobb for consideration.

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district

2

courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## IV.   DISCUSSION

### A.   Equal Protection Claims

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. It "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Alternatively, an equal protection claim may be brought by a "class of one," where a plaintiff alleges he has been intentionally treated differently from others similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 563.

In Count I of the FAC, Plaintiff asserts in part a violation of his rights under the equal protection clause. (ECF No. 5 at 3-4.) Pertinent to the equal protection analysis, Plaintiff alleges that two Reno police officers previously harassed, intimidated, and lied to Plaintiff on the basis that Plaintiff, because of his race, was a gang member. (*Id.*) In the initial complaint, the Magistrate Judge found that Plaintiff failed to state a factual scenario that implicated the equal protection clause but that Plaintiff should be given an opportunity to amend. (ECF No. 3 at 6.) However, the factual allegations of Count I in the FAC are insufficient to show that the officers acted with an intent or purpose to discriminate against Plaintiff because of his membership in a protected class, which is

1  required to state a colorable claim under the equal protection clause. The Court
2  therefore concurs in the Magistrate Judge's recommendation that Plaintiff's equal
3  protection claim under Count I be dismissed with prejudice.

4        In Count II of the FAC, Plaintiff alleges that upon his arrest, defendant police
5  officers "stole" Plaintiff's personal property out of his girlfriend's apartment, taking a
6  variety of items without due process of law. (ECF No. 5 at 5.) The Magistrate Judge gave
7  Plaintiff an opportunity to include additional facts in the FAC in order to state a colorable
8  claim under the equal protection clause, but Plaintiff failed to do so. (ECF No. 3 at 8, 6 at
9  6.) The Court therefor concurs with the recommendation that the equal protection claim
10  under Count II be dismissed with prejudice.

11        In Count III of the Complaint, Plaintiff alleges that defendant police officers placed
12  "hyperbolic" needles, shot gun shells, and weapons in his girlfriend's apartment to make
13  the house appear like a drug house. (ECF No. 5 at 6.) He also claims that defendant
14  police officers damaged his girlfriend's apartment by tearing up rooms, kicking holes in
15  doors, emptying trash on the floors, breaking racks, turning on the upstairs bathroom to
16  flood the residence, and dumping cat litter around the apartment. (*Id.*) The Magistrate
17  Judge gave Plaintiff an opportunity to amend Count III to provide additional factual
18  allegations to state a colorable claim under the equal protection clause. (ECF No. 3 at 9.)
19  In the FAC, Plaintiff adds allegations that the City of Reno is responsible for training their
20  officers to racially profile individuals. (ECF No. 5 at 6-7.) However, this additional factual
21  allegation is insufficient to state a colorable claim under the equal protection clause.
22  Thus, the Court concurs with the recommendation to dismiss the equal protection claim
23  in Count III with prejudice.

24        **B.    Claims Against the City of Reno**

25        In his Order, Magistrate Judge Cobb advised Plaintiff that in order to maintain a
26  claim against the City of Reno, he needed to allege that there was a municipal policy or
27  custom that caused Plaintiff's injuries. (ECF No. 3 at 9.) In his FAC, Plaintiff included two
28  attempts to meet the Magistrate Judge's instruction by stating that the City of Reno is

4

responsible for not training its officers properly and for training its officers to racially profile individuals. (ECF No. 5 at 4, 7.) This conclusory allegation alone, however, is insufficient to show that the City had a policy or custom that caused Plaintiff's injuries. The Magistrate Judge recommends dismissing Plaintiff's claims without prejudice to give Plaintiff the opportunity to seek leave to amend to allege facts showing that the City's conduct amounted to deliberate indifference. (ECF No. 6 at 8.) The Court accepts this recommendation, dismissing Plaintiff's claims against the City of Reno without prejudice and with leave to file a motion to amend in order to assert these claims against the City by the deadline to amend.

### C.  Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). However, a court may request counsel to represent indigent civil litigants in exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues that are involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (quotations omitted)). The Court must view these two factors together and not distinctly before reaching a decision. *Id.*

In his Objection, Plaintiff states that he is illiterate. (ECF No. 7 at 1.) On further inspection, the Court notes that Plaintiff's Objection, Motion, and Notice of Updated Address (ECF No. 9) all appear to be written by the same person. The Court is concerned that Plaintiff is in fact unable to write his own filings and is utilizing the aid of another individual to write and file these documents. For that reason, the Court refers Plaintiff's Motion to the Magistrate Judge to determine if Plaintiff's circumstances meet the "exceptional circumstances" test such that Plaintiff requires the aid of counsel to proceed on his claims.

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 6) is accepted and adopted in full. The following claims may proceed:

(a) The Fourth Amendment unlawful detention and arrest claim against Vogt, Caprioli, Schaur, and Atkinson in Count I;

(b) The due process claim against Vogt, Caprioli, Schaur, Carter, Wilson and Atkinson in Count II;

(c) The Fourth Amendment claim for unlawful search and seizure against Vogt, Caprioli, Schaur, Carter Wilson and Atkinson in Count II;

(d) The Fourth Amendment claim and due process claims against Carter in Count III related to the allegation that Carter took $100 from the residence;

(e) The Fourth Amendment claim against Wilson, Schaur, Caprioli, Atkinson and Carter in Count III related to the allegations that they inflicted damage to the residence during the search; and

(f) The due process claim against Wilson, Schaur, Caprioli, Atkinson and Carter in Count III related to the alleged falsification of evidence in the residence.

The equal protection claims in Counts I-III are dismissed with prejudice. The City of Reno is dismissed without prejudice, and Plaintiff may file a motion for leave to amend within the deadlines of the scheduling order once it is issue if he believes he can allege sufficient facts to state claims against the City.

The Clerk is directed to send Plaintiff sufficient copies of the Amended Complaint and service of process forms (USM-285) for each defendant. Plaintiff will be given twenty (20) days in which to furnish the U.S. Marshal with the required form USM-285 for each defendant. The U.S. Marshal will then proceed with service of the summons and Amended Complaint on each defendant. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants

were served and which were not served, if any. If Plaintiff wishes to have service again attempted on any unserved defendant, then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Plaintiff is reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days of the date of any order adopting and accepting this Report and Recommendation.

Plaintiff is advised that from now on, he must serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff must include with the original paper to be filed with the Court a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  The Court may disregard any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge or Clerk which fails to include a certificate of service.

It is further ordered that Plaintiff's Motion for Appointment of Counsel (ECF No. 8) is referred to Magistrate Judge Cobb for determination.

DATED THIS 8th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE